UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CV 13    467

------------------------------------X

SELDON DELGADO and OVELL LEVINE,

           Plaintiff,

-against-

THE CITY OF NEW YORK, NEIL CASEY, and JOHN DOES 1-4,

           Defendants.

------------------------------------X

WEINSTEIN, J.

COMPLAINT      SCANLON, M.J.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Plaintiffs, Seldon Delgado and Ovell Levine, by their attorneys, Reibman & Weiner, as and for their Complaint, hereby alleges as follows, upon information and belief:

## PARTIES, VENUE and JURISDICTION

1. At all times hereinafter mentioned, plaintiff Seldon Delgado was an adult male resident of Kings County, in the State of New York.

2. At all times hereinafter mentioned, Ovell Levine, was an adult male resident of Kings County, in the State of New York.

3. At all relevant times hereinafter mentioned, defendant City of New York ("New York City"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

4. At all relevant times hereinafter mentioned, defendant Neil Casey was an adult male employed by the City of New York as a member of the NYPD and assigned tax number 945561. Casey is sued herein in his official and individual capacities.

5. At all relevant times hereinafter mentioned, defendants John Does 1-4, were adult males employed by the City of New York as members of the NYPD, whose identities are currently unknown to plaintiff. The Doe defendants are sued herein in their official and individual capacities.

6. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

7. Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq. in the Eastern District of New York, where the plaintiffs and defendant City of New York reside, and where the majority of the actions complained of herein occurred.

8. That plaintiffs timely served Notices of Claim on the municipal defendant and complied with all conditions precedent to commencing an action under state law.

9. At least thirty days have elapsed since service of plaintiffs' Notices of Claim and adjustment and payment thereof has been neglected or refused.

10. That the within action has been initiated within one year and ninety days of the happening of the events of which plaintiff complains.

## RELEVANT FACTS

11. On April 6, 2012, at about 11:00 p.m., plaintiffs were lawfully present inside a location believed to be 1688 Saint Marks Place in Brooklyn, New York.

12. At this time, the defendants forcefully entered the premises with guns

2

drawn and seized and handcuffed all of the individuals present therein, including the plaintiffs.

13. Neither plaintiff was engaged in any unlawful, illegal, or suspicious activity prior to or at the time of the defendants' entry into the premises and there was no lawful basis for the defendants to seize or arrest either plaintiff.

14. Both plaintiffs were searched by the defendants. The search yielded no evidence of guns, drugs or contraband of any sort.

15. Despite the absence of any evidence of wrongdoing on the part of plaintiff, the defendants formally arrested both plaintiffs.

16. The decision to arrest plaintiffs was objectively unreasonable under the circumstances.

17. Defendants then took plaintiffs to a local area precinct station house, where they were held in one or more holding cells against their will.

18. Plaintiff Delgado was held at the station house for about 40 hours until the late afternoon of Sunday, April 8, when he was released without being charged.

19. The defendants took money from Delgado when he was arrested but never issued him a voucher and did not return the money to him when he was released.

20. Plaintiff Levine was held nearly 24 hours at the station house before he was issued desk appearance ticket ("DAT") 073-00466 by defendant Casey.

21. Levine subsequently appeared in Court in accordance with the DAT, at which time he was informed that the case was not ready. The DAT was never docketed and

Levine never formally charged.

22. At no time prior to or during the above events was there probable cause to arrest either plaintiff, nor was it reasonable for defendants to believe probable cause existed.

23. At no time did any defendant take any steps to intervene in, prevent, or otherwise limit the misconduct engaged in by the defendants against plaintiff.

24. The individual defendants intentionally and deliberately gave false statements and/or failed to file accurate or corrective statements, or otherwise failed to report the conduct of the defendants who engaged in the misconduct described herein as required.

25. That at all times relevant herein, the defendants were acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION

26. Plaintiffs repeat the allegations contained in paragraphs "1" through "25" above as though stated fully herein.

27. The individual defendants willfully and intentionally seized, searched, detained, arrested and imprisoned plaintiffs without probable cause, and without a reasonable basis to believe such cause existed.

28. The individual defendants willfully and intentionally subjected plaintiffs

4

to physical force in excess of what was reasonable under the circumstances and caused plaintiffs to suffer physical injuries, and did so without a reasonable basis to believe that such conduct was appropriate, reasonable, lawful, or necessary.

29. By so doing, the individual defendants, individually and collectively, subjected the plaintiffs to false arrest and imprisonment, excessive force, unlawful searches of person and property, and denial of due process, and thereby violated, conspired to violate, and aided and abetted in the violation of plaintiffs' rights under the Fourth and Fourteenth Amendments of the United States Constitution.

30. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiffs to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of their constitutional rights.

## SECOND CAUSE OF ACTION

31. Plaintiffs repeat the allegations contained in paragraphs "1" through "30" above as though stated fully herein.

32. Defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and over the NYPD.

33. Defendant had actual or constructive knowledge that there was inadequate supervision over and/or within the NYPD with respect to its members' abuse of their authority, use of excessive force, abuse of arrest powers, and other blatant violations of the United States Constitution and the rules and regulations of the NYPD. Despite ample

notice of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put place to reasonably ensure that NYPD members engaged in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers with respect to the general public, including, and specifically, the plaintiff herein.

34. The defendant City of New York deliberately and intentionally chose not to take action to correct the chronic, systemic, and institutional misuse and abuse of police authority by its NYPD employees, and thereby deliberately and intentionally adopted, condoned, and otherwise created through deliberate inaction and negligent supervision, an NYPD policy, practice, and custom of utilizing illegal and impermissible searches, arrests, and detentions, and the manufacturing of evidence, in the ordinary course of NYPD business in flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond the plaintiff's arrest.

35. All of the acts and omissions by the individual defendants described above were carried out pursuant to overlapping policies and practices of the municipal defendant in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures and rules of the City and the NYPD, all under the supervision of ranking officers of the NYPD

36. The aforementioned customs, practices, procedures, and rules of the City and the NYPD include, but are not limited to, the following unconstitutional practices:

   a. Failing to supervise, train, instruct and discipline police officers and encouraging their misconduct;

  b. Discouraging police officers from reporting the corrupt or unlawful acts of other officers;

  c. Retaliating against officers who report police misconduct; and

  d. Failing to intervene to prevent the above-mentioned practices when such intervention is reasonably available.

37. The existence of aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in a long list of civil actions in state and federal courts.

38. In an Order dated November 25, 2009, in *Colon v. City of New York*, 09-CV-0008 (E.D.N.Y.), the Hon. Jack B. Weinstein stated:

> Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. Despite numerous inquiries by commissions and strong reported efforts by the present administration -- through selection of candidates for the police force stressing academic and other qualifications, serious training to avoid constitutional violations, and strong disciplinary action within the department -- there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged.

39. Furthermore, more than half the time that the Civilian Complaint Review Board refers substantiated complaints against officers to the NYPD for disciplinary action, the NYPD either simply issues a verbal warning or drops the charges altogether.

40. It is therefore clear that the municipal defendant has not only tolerated, but actively fostered a lawless atmosphere within the NYPD and that the City of New York was deliberately indifferent to the risk that the inadequate level of supervision would lead to

the violation of individuals' constitutional rights in general, and caused the violation of plaintiffs' rights in particular.

41. By reason thereof, defendant has violated 42 U.S.C. §1983 and caused plaintiffs to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of their constitutional rights.

## THIRD CAUSE OF ACTION

42. Plaintiffs repeat the allegations contained in paragraphs "1" through "41" above as though stated fully herein.

43. Plaintiffs were subjected to false arrest, false imprisonment, and excessive force by the defendants.

44. At no time did defendants have any legal basis for arresting or imprisoning plaintiffs, commencing criminal process, or using physical force against them, nor was there any reasonable basis to believe said conduct set forth herein was lawful, reasonable, or otherwise appropriate.

45. The defendants are therefore liable to plaintiffs for false arrest, false imprisonment, and excessive force.

46. By reason thereof, defendants have caused plaintiffs to suffer emotional and physical injuries, mental anguish, the loss of their constitutional rights, and unlawful incarceration.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, plaintiffs hereby demand a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the plaintiffs demand judgment against defendants jointly and severally as follows:

    i.    on causes of action one and three, actual and punitive damages in an amount to be determined at trial;

    ii.    on cause of action two, actual and punitive damages in an amount to be determined at trial;

    iii.    statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, disbursements, and costs of this action; and

    iv.    such other relief as the Court deems just and proper.

Dated: Brooklyn, New York
       January 25, 2013

By: _____
Michael Lumer (ML-1947)
Reibman & Weiner
Attorneys for Plaintiffs
26 Court Street, Suite 1808
Brooklyn, New York 11242
(718) 522-1743